UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: _____

JOHNNIE SIMMONS,

      Plaintiff,

v.

LIMOUSINES OF SOUTH FLORIDA, INC.

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOHNNIE SIMMONS, by and through his undersigned counsel, sues the Defendant, LIMOUSINES OF SOUTH FLORIDA, INC., and alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for damages and to remedy violations of the rights of MR. SIMMONS under the Americans with Disabilities Act of 1990, as amended, including the ADA Amendment Act of 2008, Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Florida Civil Rights Act of 1992, as amended ("Chapter 760"),  and Workers' Compensation Retaliatory Discharge Law, F.S. 440.205 and to redress injuries done to him by the Defendant, LIMOUSINES OF SOUTH FLORIDA, INC. ("Defendant").

2.     The unlawful acts which gave rise to this Complaint occurred within Broward County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

## PARTIES

1

3.      At all times material hereto, Plaintiff has been a citizen and resident of Broward County, Florida and is otherwise *sui juris*.

4.      At the relevant time, Plaintiff was injured while working for the Defendant, and, as such, Plaintiff is a member of a protected class under Section 440.02, Florida Statutes.

5.      At the relevant time, Plaintiff was a homosexual, disabled black man, and, as such, Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, including the ADA Amendment Act of 2008, Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Florida Civil Rights Act of 1992, as amended ("Chapter 760"), because the terms, conditions, and privileges of his employment were altered because of his race, gender, and disability.

6.      Defendant is not a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

7.      At all times material hereto, Defendant was Plaintiff's employer within the meaning of Section 440.02, Florida Statutes.

8.      Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

9.      Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission, which was dually filed with the Florida Commission on Human Relations.

10.      Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

11.     Plaintiff was issued a Notice of Right to Sue on February 27, 2020. This suit is filed in accordance with that Notice and within the applicable ninety (90) day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

12.     The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

13.     Defendant hired Plaintiff as a driver/dispatcher and ultimately a driver/dispatcher supervisor from April 2017 until he was wrongfully terminated on February 28, 2019.

14.     As a driver/dispatcher, Plaintiff's primary duties and responsibilities included making sure that all route vehicles were sent out on time, coordinating with mechanics during break downs, interacting with each city in reference to buses running late and notifying the affected city via e-mail when necessary for accidents, and other incidents, doing accident reports, taking pictures of the damaged vehicle, coordinating with the road supervisors, taking care of mechanical issues on the property, and handling with customer complaints.

15.     Plaintiff was qualified for his position as a driver/dispatch supervisor based on his experience and training.

16.     Plaintiff's starting salary was $11.56 per hour.

17.     Not long after the Plaintiff began working for the Defendant, he became the target of race and gender discrimination. Mr. Mark Levitt, Vice-President (white heterosexual male), would make discriminatory comments to the Plaintiff on a weekly basis. He would say that the Plaintiff is a queer, drama queen, and overly sensitive. These comments are discriminatory because they show that the Plaintiff was targeted because he did not conform with the expectations for his gender. The Plaintiff showed his disapproval through his facial expressions but he was too scared

3

to verbalize it in fear of retaliation. Mr. Levitt always told the Plaintiff "if you say anything bad about me, I will find out."

18.     In December 2017, the Defendant held a Christmas party at the office. There were many people present, including guests of employees. During the party, people were dancing provocatively, grinding on each other, and doing lap dances. One of the employees told the Plaintiff to look at the breasts shaking on one of the women dancing. The Plaintiff looked over but did not show any reaction because he is a gay man who is not attracted to women. Mr. Levitt then said, "you know his type."  Mr. Levitt knew the Plaintiff was homosexual and u discriminated against him and harassed him about his behavior because his mannerisms did not conform to those that Mr. Levitt expected of the male gender. Women weren't being asked to gawk at the other women; men were.  And the Plaintiff did not conform.

19.     A few days after the Christmas party, the Plaintiff was involved in a work-related accident. While driving, the overhead panel in the bus came down and hit the Plaintiff in the head and neck. The Plaintiff suffered a concussion and was placed on light duty.  The Plaintiff asked Mr. Luis Marmol, General Manager, for a reasonable accommodation. Mr. Marmol initially agreed to accommodate the Plaintiff, but when Mr. Levitt found out he said that a reasonable accommodation could not be made. Mr. Levitt said, "there is no light duty available."

20.     The Defendant was well aware that the accident occurred while Plaintiff was performing services for the Defendant.  However, the Defendant failed to provide Plaintiff with any information regarding his rights under the workers' compensation laws.

21.      Finally, around February 2018, the Defendant did offer the Plaintiff light duty and only did so after finding out that it was required to do so by law. The Plaintiff returned to work on light duty, which involved filing papers and making copies.

22.     Since the Plaintiff's return to work, Mr. Levitt's treatment of the Plaintiff deteriorated. Mr. Levitt made comments like, "every time I look around, you are sitting down. I am not paying you to sit down." The Plaintiff was still on painkillers at the time and due to the injuries in his neck and back, he had continuous pain. Even though the Plaintiff tried, due to the bone pressing down on his nerve, he was unable to stand for long without severe leg pain.

23.     The Plaintiff's injury resulted in a disability that persisted over several months, and which continues to limit his activities.

24.     Around December 2018, the Plaintiff's car stopped working so he had to sleep on the Defendant's property to ensure he was able to get to work in the morning. Mr. Levitt then started calling the Plaintiff a "homeless queer" even though he was not homeless. The Defendant did not appreciate that the Plaintiff was only doing that to make sure he was at work on time in the mornings. Mr. Levitt told the Plaintiff that he had to stop sleeping on the property or he would be fired.

25.     Mr. Levitt treated the similarly situated white heterosexual non-disabled employees much better than he treated the Plaintiff. He nitpicked the Plaintiff's work performance but did not do that to anyone else. He threw them birthday parties in the office, but did not do so for the Plaintiff. All the dispatchers received raises in January 2019, but the Plaintiff did not. Mr. Simmons used to fill in for drivers regularly. Whenever the Defendant asked him to step in during the week and help in the afternoon, he did. The Plaintiff would even work on weekends and dispatch drivers. The Plaintiff was a CDL driver with a P endorsement. He was more qualified than many other drivers because he had the certification and the experience. He also had a bachelor's degree.

26.     Throughout the Plaintiff's employment, all employees were allowed to use the company van for personal errands. In February 2019, the Plaintiff used the company van to go to

the pharmacy to pick up his prescriptions from the pharmacy related to his workers' compensation injury. He thought nothing of it because he had always been allowed to do so in the past and he was also a supervisor in the dispatch department. To the Plaintiff's surprise, on February 26, 2019, Mr. Levitt suspended the Plaintiff for using the company van for personal errands. Even stand by drivers were allowed to use the company van for personal use. Similarly situated employees were allowed to take the company van home without being disciplined by the Defendant. Mr. Marmol asked the Plaintiff once to take the company van and drop an employee off at home.

27.     After the Plaintiff was suspended, he called Bob Beers, President and Board Member. The Plaintiff explained to Mr. Beers what had happened and how he was always being discriminated against. In response, Mr. Beers said, "whatever Mark says, that is what it is." Mr. Beers hung up on the Plaintiff.

28.     In retaliation for complaining about discrimination to Mr. Beers, Mr. Levitt fired the Plaintiff on February 28, 2019. Mr. Levitt claimed the Plaintiff was insubordinate and defiant.

29.     Plaintiff has engaged the undersigned attorney to prosecute his claims and is entitled to recover his attorney's fees from Defendant pursuant to statute.

## COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Discrimination on the Basis of Race)

30.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here

31.     Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated against on the basis of his race, black.

32.     Mr. Levitt and Mr. Beers, at all times relevant, were acting within the course and scope of their employment for Defendant.

33.     Because Plaintiff is black, he was discriminated against by management and the Defendant refused to take any action to prevent the discrimination.

34.     Because Plaintiff is black, he was not given a raise like all other employees.

35.     Because Plaintiff is black, Mr. Levitt continuously nitpicked his work performance.

36.     Because Plaintiff is black, Mr. Levitt did not throw him birthday parties like he did for white employees.

37.     Because Plaintiff is black, Mr. Levitt reprimanded him for using the company vehicle for personal errands although other employees were able to do so with no consequences.

38.     Upon information and belief, similarly situated non-black employees are not permitted to be harassed by management.

39.     Upon information and belief, similarly situated non-black employees consistently receive raises.

40.     Upon information and belief, the work performance of similarly situated non-black employees is not constantly nitpicked.

41.     Upon information and belief, the Defendant throws birthday parties for all similarly situated non-black employees.

42.     Upon information and belief, similarly situated non-black employees are allowed to use the company vehicle to run personal errands without consequences.

43.     Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff, JOHNNIE SIMMONS, being discriminated against.

44.     Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

45.     Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including back pay, front pay, liquidated damages, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with The Civil Rights Act of 1964, §706(g); attorney's costs, fees, and such other relief as the Court deems just and appropriate.

## COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
### (Discrimination on the Basis of Race)

46.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

47.     The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

48. Plaintiff is black and therefore a member of a protected class.

49. Mr. Levitt and Mr. Beers, at all times relevant, were acting within the course and scope of their employment for Defendant.

50. Because Plaintiff is black, he was discriminated against by management and the Defendant refused to take any action to prevent the discrimination.

51. Because Plaintiff is black, he was not given a raise like all other employees.

52. Because Plaintiff is black, Mr. Levitt continuously nitpicked his work performance.

53. Because Plaintiff is black, Mr. Levitt did not throw him birthday parties like he did for white employees.

54. Because Plaintiff is black, Mr. Levitt reprimanded him for using the company vehicle for personal errands although other employees were able to do so with no consequences.

55. Upon information and belief, similarly situated non-black employees are not permitted to be harassed by management.

56. Upon information and belief, similarly situated non-black employees consistently receive raises.

57. Upon information and belief, the work performance of similarly situated non-black employees is not constantly nitpicked.

58. Upon information and belief, the Defendant throws birthday parties for all similarly situated non-black employees.

59. Upon information and belief, similarly situated non-black employees are allowed to use the company vehicle to run personal errands without consequences.

60. At all relevant and material times, Defendant failed to comply with the FCRA.

9

61.     The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's race.

62.     At all times relevant, including the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was black.

63.     At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

64.     The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

65.     Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his race in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

66.     Plaintiff's discrimination was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because he is black is in violation of the FCRA.

67.     Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's race.

68.     Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to his race.  The discrimination on the basis of race constitutes unlawful discrimination.

69.     As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses, punitive damages, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual

damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, liquidated damages, punitive damages, prejudgment interest on his damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

### <u>COUNT III: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964</u>
### (Discrimination on the Basis of Gender)

70.    Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

71.    Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated on the basis of his gender, homosexual male.

72.    Mr. Levitt and Mr. Beers, at all times relevant, were acting within the course and scope of their employment for Defendant.

73.    Because Plaintiff is a homosexual man, he was discriminated against by management and the Defendant refused to take any action to prevent the discrimination.

74.    Because Plaintiff is a homosexual man, Mr. Levitt would call him queer, drama queen, and overly sensitive.

75.    Because Plaintiff is a homosexual man, Mr. Levitt ridiculed him for not "conforming" to gender normative roles and behaviors.

76.    Upon information and belief, similarly situated heterosexual male employees are not permitted to be harassed by management.

77.    Upon information and belief, similarly situated heterosexual male employees are not called queer, drama queens, and accused of being overly sensitive.

78.     Upon information and belief, similarly situated heterosexual male employees are not ridiculed because they are believed to conform to gender normative roles and behaviors.

79.     Upon information and belief, the complaints of similarly situated heterosexual employees are taken seriously and addressed.

80.     Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff, JOHNNIE SIMMONS, being discriminated against.

81.     Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

82.     Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including back pay, front pay, injury to his professional reputation, punitive damages, and emotional pain and suffering caused by Defendant discriminatory treatment in an amount to be determined at trial and in accordance with The Civil Rights Act of 1964, §706(g); attorney's fees, costs, together with interest thereon, and such other relief as the Court deems just and appropriate.

### <u>COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992</u>
**(Discrimination on the Basis of Gender)**

83.    Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

84.    The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

85.    The Florida Civil Rights Act of 1992 shall be construed according to the fair import of its terms and shall be liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved.

86.    Plaintiff is a gay man, and therefore a member of a protected class.

87.    Mr. Levitt and Mr. Beers, at all times relevant, were acting within the course and scope of their employment for Defendant.

88.    Because Plaintiff is a homosexual man, he was discriminated against by management and the Defendant refused to take any action to prevent the discrimination.

89.    Because Plaintiff is a homosexual man, Mr. Levitt would call him queer, drama queen, and overly sensitive.

90.    Because Plaintiff is a homosexual man, Mr. Levitt ridiculed him for not "conforming" to gender normative roles and behaviors.

91.    Upon information and belief, similarly situated heterosexual male employees are not permitted to be harassed by management.

92.    Upon information and belief, similarly situated heterosexual male employees are not called queer, drama queens, and accused of being overly sensitive.

93.     Upon information and belief, similarly situated heterosexual male employees are not ridiculed because they are believed to conform to gender normative roles and behaviors.

94.     Upon information and belief, the complaints of similarly situated heterosexual employees are taken seriously and addressed.

95.     At all relevant and material times, Defendant failed to comply with the FCRA.

96.     The discrimination of Plaintiff by Defendant was caused by Defendant being aware that Plaintiff is a homosexual man.

97.     At all times relevant, including at the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was a homosexual man.

98.     At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by the Defendant.

99.     The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

100.    Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of him being a gay male in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

101.    Defendant's treatment of Plaintiff was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because he is a homosexual man, in violation of the FCRA.

102.    Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff being a homosexual man. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's

rights protecting persons from discrimination due to his sex. The discrimination on the basis of sex constitutes unlawful discrimination.

103.    As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against the Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, liquidated damages, punitive damages, prejudgment interest on his damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT V: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 ("ADA")
### (Discrimination on the Basis of Disability)

104.    Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

105.    The ADA forbids discrimination on the basis of disability; prohibiting discrimination in employment, public services, public accommodations, and telecommunications.

106.    Plaintiff has a disability as that term is defined under the ADA, and, therefore, is a member of the protected class.

107.    At all relevant and material times, Defendant failed to comply with the ADA, which states in relevant part: (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal Government plays a central role in enforcing the standards established

in this chapter on behalf of individuals with disabilities; and (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

108.    The discrimination against Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's disability.

109.    At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

110.    At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

111.    Plaintiff was qualified for the position.

112.    Defendant is a large privately-owned business, and therefore a sophisticated employer who has actual knowledge of the requirements of the ADA, as amended.

113.    The failure of Defendant to adhere to the mandates of the ADA was willful and its violations of the provisions of the ADA were willful.

114.    The Defendant's failure to communicate with the Plaintiff, initially denying his request for a reasonable accommodation, and failing to engage in the interactive process, demonstrates the Defendant's lack of adherence to its policy against discrimination and failure to comply with the law on disabilities and reasonable accommodations. Even more importantly, after the Defendant finally did provide the Plaintiff a reasonable accommodation, in turn Mr. Levitt began to ridicule the Plaintiff and make comments towards him when he had to sit down due to pain.

115. Any allegedly nondiscriminatory reason for the Defendant's failure to reasonably accommodate Plaintiff is a mere pretext for the actual reasons for the failure to reasonably accommodate Plaintiff; inter alia Plaintiff's disability.

116. As a result of Defendant's violation, Plaintiff has suffered damages.

117. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, loss of fringe benefits, loss of retirement benefits, compensatory damages under the ADA for emotional distress, liquidated damages, prejudgment interest on his damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT VI: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
### (Discrimination on the Basis of Disability)

118. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here, and says:

119. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

120.    Plaintiff has a disability as that term is defined in the FCRA, and therefore, is a member of a protected class.

121.    At all relevant and material times, Defendant failed to comply with the FCRA.

122.    The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's disability.

123.    At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

124.    At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

125.    The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

126.    Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his disability in violation of the FCRA.

127.    The Defendant's failure to communicate with the Plaintiff, initially denying his request for a reasonable accommodation, and failing to engage in the interactive process, demonstrates the Defendant's lack of adherence to its policy against discrimination and failure to comply with the law on disabilities and reasonable accommodations. Even more importantly, after the Defendant finally did provide the Plaintiff a reasonable accommodation, in turn Mr. Levitt began to ridicule the Plaintiff and make comments towards him when he had to sit down due to pain.

128.    Any allegedly nondiscriminatory reason for the Defendant's failure to reasonably accommodate Plaintiff is a mere pretext for the actual reasons for the failure to reasonably accommodate Plaintiff; inter alia Plaintiff's disability.

129.    Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to his disability. The discrimination on the basis of disability constitutes unlawful discrimination.

130.    As a result of Defendant's violation, Plaintiff has suffered damages.

131.    As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for emotional distress, liquidated damages, punitive damages, prejudgment interest on his damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT VII: VIOLATION OF SECTION 440.205, FLORIDA STATUTES

132.    Plaintiff realleges and restates Paragraphs 1 through 29 as if fully set forth herein.

133.    Florida Statute 440.205 states: No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

134.    After Plaintiff was injured on the job, he sought medical treatment through the workers' compensation carrier and/or servicing agent of the Defendant or via a private medical facility.

135.    Plaintiff's injuries were of such a severity that he required evaluation and treatment.

136.    Defendant was aware the Plaintiff was an employee who had been hurt on the job and had requested/was eligible for workers' compensation benefits.

137.    Defendant terminated Plaintiff's employment while it knew that Plaintiff had been hurt on the job and had applied/was eligible for worker's compensation benefits.

138.    Defendant's decision to terminate the Plaintiff was causally related to the Plaintiff's injury and request/eligibility for workers' compensation benefits because the date of his accident and the time the Plaintiff requested/was eligible for workers' compensation were temporally proximate. The Defendant knew or should have known of Plaintiff's entitlement to workers' compensation benefits.

139.    The termination only occurred because the Plaintiff was entitled to engage in, or did engage in, the statutorily protected activity of seeking medical treatment after getting hurt while traveling for the Defendant.

140.    The Defendant's action of terminating Plaintiff after he sought medical treatment for his work-related injuries constitutes an intentional tort.

141.    The Defendant is liable to the Plaintiff for emotional distress because of Defendant's intentional acts. Plaintiff has suffered emotionally and had a difficult time supporting himself because he was unemployed and injured.

142.    As a direct and proximate result of the Defendant's unlawful and willful actions, as set forth above, the Plaintiff has suffered damages and will continue to suffer damages in the future,

including, but not limited to: loss of past and future income; loss of future earning capacity; loss of other fringe benefits; stress, mental anguish, anxiety, and emotional distress; loss of capacity for the enjoyment of life; medical care and treatment; and other financial losses.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows: (a) awarding the Plaintiff actual and consequential damages, plus interest; (b) awarding Plaintiff compensatory damages for pain, suffering, and humiliation; (c) awarding the Plaintiff back pay, prejudgment interest, post-judgment interest, and damages for all employment and retirement benefits he would have received but for the Defendant's actions and/or omission; and (d) any and other further relief as this Court deems just and appropriate.

## COUNT VIII: VIOLATION OF ADA
### (Retaliation)

143.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

144.     Plaintiff suffered from a disability as that term is defined under the ADA.

145.     At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

146.     Defendant is an employer as that term is defined under the ADA.

147.     Defendant retaliated against Plaintiff for engaging in the protected activity of complaining of discrimination against him by terminating the Plaintiff's employment.

148.     As a result of Defendant's violation, Plaintiff has suffered damages.

149.     As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and

suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests that this Court enter judgment in his favor against the Defendant by awarding general and compensatory damages and reinstatement, front pay and back pay, prejudgment interest, attorneys' fees and costs, and such other and further relief as this Court deems just and appropriate.

## COUNT IX: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Retaliation)**

150.   Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

151.   Plaintiff had the right to voice his grievances that he was being discriminated against.

152.   When Defendant terminated the Plaintiff, it retaliated against him for exercising his rights.

153.   Mr. Levitt, who terminated the Plaintiff, at all times relevant hereto, acted on behalf of the Defendant, and acted within the scope of his duties.

154.   Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964.

155.   Plaintiff has engaged the undersigned attorney to prosecute his claim and is entitled to recover his attorney's fees from Defendant pursuant to statute.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's termination of Plaintiff was in violation of Title VII of the Civil Rights Act of 1964; (b) grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses,

including injury to his professional reputation, and emotional pain and suffering caused by Defendant's termination of Plaintiff in an amount to be determined at trial and in accordance with Title VII of the Civil Rights Act of 1964; (c) award Plaintiff pre-judgment and post-judgment interest; (d) award Plaintiff compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to statute; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

### COUNT X: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Retaliation)**

156.    Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29 inclusive, as though same were fully re-written here.

157.    Plaintiff had the right to voice his grievances that he was being discriminated against.

158.    When Defendant terminated the Plaintiff, it retaliated against him for exercising his rights.

159.    Mr. Levitt, who terminated the Plaintiff, at all times relevant hereto, acted on behalf of the Defendant, and acted within the scope of his duties.

160.    Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA, Chapter 760.

161.    Plaintiff has engaged the undersigned attorney to prosecute his claim and is entitled to recover his attorney's fees from Defendant pursuant to statute.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's termination of Plaintiff was in violation of the FCRA; (b) grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to him

professional reputation, and emotional pain and suffering caused by Defendant's termination of Plaintiff in an amount to be determined at trial and in accordance with the FCRA; (c) award Plaintiff pre-judgment and post-judgment interest; (d) award Plaintiff compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 27th day of May, 2020

By:  /s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff